460

## STATE ex rel. TODD v. MARTINEAU et al.

### No. 16117.

Supreme Court of Texas.
July 14, 1943.

Gerald C. Mann, Atty. Gen., and R. W. Fairchild, Asst. Atty. Gen., for the State.

J. D. Todd, Jr., of Corpus Christi, pro se.

Paul A. Martineau and Kemp, Lewright, Dyer & Sorrell, all of Corpus Christi, for appellee.

SHARP, Justice.

In an opinion delivered May 26, 1943, this Court held that a district attorney had no lawful authority to file a quo warranto petition in the Supreme Court to test the right or title of a district judge to his office, and for that reason the order of this Court permitting such petition to be filed in this Court was set aside, and the permission to file such petition was denied and same was dismissed without prejudice. The Attorney General was not a party to this suit at that time. 171 S.W.2d 856. The Attorney General has now filed a motion to reinstate the above-styled cause heretofore dismissed without prejudice.

We will supplement our original opinion with the following essential facts: It is shown that on March 1, 1943, Paul A. Martineau was elected Special Judge of the 94th Judicial District Court in Nueces County, to preside over that court in the place of the Honorable Allen Wood. Thereafter, on April 5, 1943, the said Paul A. Martineau was again elected Special District Judge of said court. It is further shown that he was regularly elected and qualified as such special judge as provided for in Article 1887 et seq., Revised Civil Statutes 1925.

Article 199, Serial No. 94, of Vernon's Ann.Civ.St., defines the jurisdiction and powers of the 94th Judicial District Court of Nueces County, and provides for the terms of such court in the following language: "Sec. 3. The terms of the 94th District Court shall begin on the first Mondays, respectively, in February, April, June, August, October, and December of each year, and each term may continue for eight (8) weeks."

It appears from the record before us that the last term for which Paul A. Martineau was elected as special district judge expired in May, 1943. It also appears that the term of the 94th Judicial District Court lasts only eight weeks, and if he should be re-elected it would be practically impossible for this question to be presented and determined by this Court within the limited time prescribed by the statute defining the terms of that court.

Article 6253 et seq. of the Revised Civil Statutes furnish in detail the means and method of determining if a district judge has forfeited his office. Whether such articles furnish the exclusive method for determining such question we are not called upon here to decide.

Therefore the motion of the Attorney General is overruled.